Schaible et al. v. L. S. & M. S. Ry. Co.

---

## APPROPRIATION OF LAND—EVIDENCE.

3 Dec. 233.

[Lorain Circuit Court, May 3, 1895.]

Caldwell, Hale and Marvin, JJ.

SCHAIBLE ET AL. V. L. S. & M. S. RY. CO.

1. LAND OWNER HAS NO RIGHT TO REQUIRE PLAINTIFF TO INCLUDE MORE LAND IN ITS PETITION THAN IT CHOOSES TO APPROPRIATE.

A railroad company, in a proceeding in the probate court to appropriate land, abutting on a public highway, to its use for the construction of a bridge, cannot, by motion, be required to include in its petition a description of more land than it chooses to include for such appropriation.

2. COMPETENCY OF EVIDENCE TO PROVE VALUE OF PREMISES BY SHOWING COST OF IMPROVEMENTS THEREON.

In such proceeding it is proper, in determining the value of a farm, of which the land sought to be appropriated is a part, to show that such farm is underdrained with tile, but not to show what such tiling cost.

3. COMPETENCY OF EVIDENCE SHOWING WHETHER THE ACCOMPLISHMENT OF THE PURPOSE, FOR WHICH LAND IS SOUGHT TO BE APPROPRIATED, WOULD BE ADVANTAGEOUS TO PROPERTY OWNER'S PREMISES.

In such proceeding, it is proper, in cross-examining a witness of the defendant, to ask him if such bridge would not be an advantage to such farm instead of a detriment.

4. INJURY TO ADJOINING PROPERTY, DONE PRIOR TO COMMENCEMENT OF PROCEEDINGS TO APPROPRIATE, CANNOT BE CONSIDERED.

In such proceeding, it is not proper to take into account, in assessing the damages that, by reason of such appropriation, will result to the adjoining property, any injury that may have already been done by such railroad company, prior to the commencement of such appropriation proceeding, in front of the defendant's property in such highway.

5. RULE OF COMPENSATION.

The difference in the value of the defendant's property with the appropriation and that without it, is the rule of compensation in such proceeding.

6. RIGHT TO SET OFF GENERAL INCIDENTAL BENEFITS AGAINST GENERAL INCIDENTAL DAMAGES.

In such proceeding to appropriate, general incidental benefits, arising from such appropriation cannot be set off against general incidental damages, caused thereby.

7. RIGHT TO AWARD PROSPECTIVE DAMAGES FOR CHANGE IN PUBLIC HIGHWAY.

In such proceeding, no damages or compensation can be awarded the defendant because of any anticipated change or alteration of such highway by the plaintiff in the construction of such proposed bridge.

MARVIN J. .

Petition in error is filed in this court to reverse the judgment of the court of common pleas and of the probate court of this county. The common pleas having given judgment affirming the judgment of the probate court, in an action which was brought in the probate court by the defendant in error, the railway company. This was a proceeding for the appropriation of land of the plaintiff in error. A petition was filed by the railway company in the probate court, setting out that for the purpose of carrying out the objects of its incorporation it became necessary that it should appropriate certain lands of Schaible. The petition then described the lands, and averred that the appropriation became necessary, because of an order of the circuit court of this county to construct a roadway or driveway and bridge over a highway in this county, this township I believe, where the railroad crosses the highway. A motion was filed to that petition, one of the objects of which was to require the plaintiff to amend the petition, and describe other property.

The first and second subdivisions of the motion read as follows: "The defendants now come and move the court to require the plaintiff to so amend its description in its petition and its map or profile attached thereto as to include in said description so much of the public highway mentioned in said pleading and profile as it proposes to appropriate and cover by its bridge and its approaches on the south side of its proposed bridge.

"*Second*—Defendants move the court to require the plaintiff to amend its description in its petition so as to contain a specific description in each parcel of property, interest and right within the county sought to be appropriated. The work, if any intended to be constructed thereon, the use to which the same is to be applied in order to carry out completely the orders and decrees of the circuit court of said Lorain county, in constructing said bridge and its approaches thereto."

The entire motion was overruled. I speak first of those clauses of the motion which I have read. The motion seems to have been filed with the idea that the probate court should order the plaintiff in that action to have it appear from its petition, that to carry out its purpose it would be necessary for it to use some portion of the public highway in front of the premises to be appropriated, or of the premises of the defendant, and to require it to include in its petition that highway. I do not know of any authority by which the probate court could have done that. The statute, section 6416, requires a corporation desiring to appropriate, to describe what it proposes to appropriate. Suppose it needs to appropriate five acres, and it files its petition to appropriate four and says nothing about the balance, there is no authority cited to us and we know of none which would justify any order of the probate court that the company should in its petition, in that proceeding, include the additional acre. By that proceeding it will get the right in that which is described, and not in something else, and if more is needed the company must appropriate or by some other lawful means obtain the right to use the remaining or other property.

The statute sets out how one may compel a corporation to proceed to appropriate and have damages assessed; but not by filing a motion in a case pending, so that we think the probate court committed no error in overruling the motion to the extent to which I have already called attention.

We think the petition sufficiently sets out what is to be done, and it describes the only property that by this proceeding is sought to be appropriated. I do not mean it might not in this proceeding have included more if it wanted to, but it cannot by such motion be required to include a description of more than it chooses to include.

The remaining portion of the motion reads: "*Third*—Defendant also asks that the court dismiss said action and petition for the reason that the plaintiff has not the legal capacity or right to appropriate said property, and the petition is not in accordance with the statute in said proceedings." The court did not err in overruling that clause of the motion. We think the appropriation sought as set out in the petition is an appropriation authorized by the statute, and that the petition

sets out all that the statute requires. A demurrer was filed to the petition and we think that was properly overruled for the same reasons which justify us in saying that the entire motion was properly overruled.

The action of the probate court is complained of because of its rulings in the admission and rejection of evidence, and attention is called to the fourth page of this record, in which this question was asked of Schaible. Schaible himself was upon the stand. He had preceded this by testifying that he had put in a large amount of tile drainage, something like twelve miles on his farm, and he was then asked, "What has been the expense of this tile, if you know?" Objection was made to that, and that objection was sustained, and we think properly sustained. To have permitted that to be answered would have been like permitting one to answer that his farm cost so much, he paid so much for it, as fixing the value of it, or he paid so much for the barn he put upon it. To determine the value of that farm, it was proper to show that the farm was properly underdrained with tile, but not to follow that by showing what such tiling cost.

Isaac Straw was upon the witness stand and his testimony is found on page 24 of the record. I read from the record a part of his examination. He was a witness put upon the stand by the property owner, and he was being cross-examined by the counsel for the railroad company, and was asked, "Would it not be an advantage instead of a detriment to that farm, to have a bridge constructed over that railroad?" Whatever may be said as to what the measure of damages should be in a case like this, it seems to us it was perfectly proper in cross-examination of that witness, to ask him if it would not be an advantage instead of a detriment to that farm, to have a bridge constructed over that railroad, and that too, without reference to whether this was a case in which incidental benefits might be off-set against incidental damages as affecting the amount of recovery. That question, it seems to me. certainly was proper. But the answer given by the witness was such that nobody, certainly the property owner was not prejudiced by the answer. if the question ought not to have been asked. The answer was, "I do not see any benefit to the farm in having a bridge there. The people that occupy the farm will have the benefit in common with the whole community, to travel that road." So there was no prejudice to the plaintiff in error, by the answer, whatever may be said about the question. Then there was asked of the same witness in this cross-examination, "How is it a damage to the farm, to have a bridge built in the highway?" The question, we think, as testing the value of that witness, was proper. And that is true as to the next question: "Don't you say it is an advantage to have that bridge built there, instead of having it as it is now?" We think, as cross-examination, that was clearly proper. The same question is raised at the bottom of the 25th page of this record: "What do you say; would the construction of the bridge as proposed, be an improvement over the present situation, as far as that land is concerned?" For the reasons already given, we think that was proper. On the 26th page, this question was asked: "Would it not be better to have a bridge?" Objection was made, overruled and exception taken. It was answered, "I suppose the public want some way to get across there." We think the question was proper, without reference to the answer, but certainly no one was prejudiced by the answer.

J. M. Hecock was examined as a witness by the defendant, and as shown on the 76th and 77th pages, was being cross-examined by counsel for the railroad company, and this question was asked him: "I am asking, leaving out the fact that there is to be a grade, as you say, in front of the gate, and in the present highway, leaving that out, and would it hurt anything to construct the bridge over the railroad?" For the reasons given to the other questions, we think that was proper; then follows this question· "If there was a bridge across that place and not interfering with the road, it might be an advantage to the place, of course it wo 'd, would it not?" "If there was a bridge across that place and not interfering with the place, would it not be an advantage instead of a detriment?" For the same reason as given before, we think these questions were proper.

C. H. Heighton was being examined as a witness for the railroad company, and on page 117 of the record, he was asked by counsel for the railroad company, "What do you say would be the fair market value of that piece of land situated where it is, and what I have called your attention to, per acre?"

"A.    Referring to the whole farm?"

"Q.    No, just that piece."

Now, there was an objection to that and that was overruled and the defendant, the land owner, excepted to that.

We do not see that there was any error in permitting that to be answered. Then followed this: "What do you say would be the fair market value of that piece of land where it is, that I have called your attention to, per acre?" He answered, "I should not place it over $100.00 an acre."

I shall speak of those things which perhaps were in the mind of counsel when the objection was made, and exception taken. On page 131 of the record is this question: "Taking the farm just as it is situated and all the surroundings, what do you say would be the fair market value today, per acre?" The witness now is Phelon—he was put upon the stand as a witness for the railroad company. Perhaps as well here as elsewhere the question may be discussed, as to the time at which the estimate of the value of the property is to be fixed.

This is the way this record raises the question    It appears that before these proceedings in court to appropriate were commenced, the railroad company had graded in the public highway in front of the premises of Schaible, and it is claimed that this grading had reduced the value of these premises, and so when the railway company seeks to appropriate the land adjacent to that highway, the question is raised whether the value of the land not to be appropriated, but adjacent to such land is to be fixed as it was, I mean as the situation was before the railroad company did anything, or whether it is to be fixed as the situation was at the time the proceedings in the probate court were commenced. It is raised in this question of evidence, and it is raised in the charge of the court to the jury.

It is argued that to permit the railroad company first to have done excavating, to have done that kind of work in the public highway in front of these premises, before it commenced any proceedings in court to appropriate and thereby reduce the value of the land, and then permit the company to commence their proceedings to appropriate, and fix the value of the land as that value was, because of such work in the public highway would be an injustice to the land owner, and there seems to be force in that argument, and it seems to me it would be unreasonable if there was no means by which the land owner could be compensated, in some way, for what other injury he sustained. The case of *Lyon and Wife* v *The Green Bay and Minnesota Railway Company*, reported in 42 Wisconsin, is cited, beginning at page 538, as supporting the proposition. In that case, the railway had constructed its road across the lands of Mrs. Lyon, the lands were used for a cranberry marsh, the road was put through this land, and in putting it through, it had cut off the water supply to one-half of the land. It left, as I remember, about two acres and one-half on each side of the railroad. It is necessary to have a cranberry marsh very wet; by reason of that construction of the road the marsh on one side of the track was left too dry for the purpose of raising cranberries, and the court held that in that proceeding to appropriate, which was taken after the construction of the road, the effect upon the property adjoining the railroad by reason of constructing the road might be taken into consideration, the effect which had already been produced before the proceedings in court were commenced, should be taken into consideration by the jury in that proceeding. We think that case is to be distinguished from this case, but whether to be distinguished or not, take this case as it is and it does not seem to us that in Ohio the rule is such that you can take into account the value of the property other than it is when the proceedings are begun so far as the property appropriated is concerned. Now, here the property to be appropriated it seems is 30–100

of an acre, a fraction less than a third of an acre. Now, it is said if you let them appropriate that third of an acre, you must take into the account in assessing the damages that will come to the adjoining property, the injury that has already been done by the railroad company in front of this land owner's property, and it is said that it is manifest that they are going to use the public highway in front of this property. Numerous authorities are cited to us to show that the land owner's interest in the public highway, even though the title or fee is in the public, is still his property. I do not know how it happens, but from the way the case was argued and what I see of the evidence, it seems that the fee in the highway in this case is not in the land owner; but however that may be, it is settled in this state beyond any question that the right which the abutting owner has in the highway is his property. We are cited to the 7th O. S. and numerous other authorities later in Ohio, on that proposition. Here they are not seeking to appropriate any thing in the highway—the company is seeking to appropriate a particular thing and nothing else. If it goes on and does work outside, I cannot understand how this appropriation can prevent the land owner from recovering whatever damages he suffers thereby. If he suffered before this appropriation was commenced, I do not understand why he may not by proper proceedings compel an appropriation and save himself. So that it seems to us that it was proper for the court to try this case, charge the jury, and take evidence upon the theory that so far as this case was concerned, the appropriation of the land sought to be appropriated, and the injury to the remaining property by reason of that appropriation, and the use to which this property was to be put, was all that was to be considered. With reference to the questions put to the witnesses we will rest here, although I have not called attention to each objection. I think I have covered all the ground made upon rulings as to the admission of evidence. I will call attention to some of the language used in the charge. On page 166, the court uses this language: "The difference in the value of the owner's property with the appropriation and that without it, is the rule of compensation. This difference must be ascertained with reference to the value of the property in view of its present character, situation and surroundings. It must not be enhanced by proving facts of a contingent or prospective character." What I have already said in relation to the questions made on the admissibility of evidence gives the ground upon which we hold that it was not error for the court to use that language. It seems as though the fact that the railroad company instituted proceedings in the probate court under the statute for an appropriation and assessment of damages would in no way affect the land owner's rights as they existed by reason of damages for any tresspass that had been caused by the railroad before that. In the Wisconsin authority cited the court said as to the situation in that case, that the whole matter might be gone into, to avoid having several suits for the same thing, but there the damages resulted from the use to which the railroad company had already put the land appropriated and the necessar yresult from that; whereas, here the thing complained of is the use to which the railroad company *will* put the highway which they do not appropriate.

Quite a number of requests to charge the jury were made. Perhaps I ought to call attention to the requests which were made and which the court gave, and to those which were asked and refused. The court gave this to the jury upon the request of the railroad company: "The plaintiff, the railroad company, has the right in case of necessity to change the course or location of the public highway, and no damages can be awarded the defendant because of any proposed change in the highway. Now, that was the fifth request made by the railroad company. There is nothing in the appropriation proceedings which include the highway. I know it is argued that it ought to have included that highway, and to do the thing, which they proposed to do with the land they do apppropriate, they must do something in the highway. But it seems to us that a distinction is to be made between this case, which seeks to appropriate certain lands adjoining the highway and a case where the

abutting land owner's rights in the highway are sought to be appropriated in connection with the appropriation of the abutting land." The sixth request was not given as requested. The language of the request is: "If the jury should find that any incidental damages will accrue to the lands of the defendant, not appropriated, the jury should take into consideration and estimate any incidental benefits that will accrue to the defendants from the construction of the work proposed, not common to the public at large, and the amount of such incidental benefits should be deducted from the amount of such incidental damages." The court as to this said: "I shall not give that just as it is here. If there are incidental benefits connected with local incidental injuries, that in a proper case, might be considered, but I do not think you can set off general incidental benefits against general incidental damages."

With this modification there was no error to the prejudice of the land owner in giving it. The seventh request the court gave: "In considering this case, you cannot take into account in estimating compensation or damages to be awarded the defendant the fact, if such be the fact, that in the construction of the proposed improvement, it may be necessary for the plaintiff to make an alteration in the course or grade of the highway." For the reasons already given, it seems to us that was proper. The eighth request was given: "No damages or compensation can be awarded the defendant because of any anticipated change, alteration or occupation of the highway, or any portion thereof, by the plaintiff in the construction of the work proposed."

This action was for an appropriation of lands adjoining the highway. Certain work was to be done by the company upon the lands appropriated. Whatever effect this work to be done on the lands apppropriated would have upon the value of the remaining premises of Schaible, was to be taken into the account in assessing his damages; but any alteration which the company might propose to make in the highway certainly should not have been considered in this case. If the company make such use of the highway in front of his premises as to destroy or lessen the value of his property rights therein, I do not understand that this case would be any bar to his obtaining proper relief therefor.

Entertaining these views, we think the request under consideration, was properly given to the jury. Our conclusion, therefore, is that there was no error committed by the trial court, to the prejudice of the plaintiff in error, and the judgment is affirmed.